UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLOS L. RIVERA,**

        **Plaintiff,**

v.                                          **Case No: 6:18-cv-01167-Orl-41DCI**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY**
**ADMINISTRATION,**

        **Defendant.**

---

### REPORT AND RECOMMENDATION

Carlos L. Rivera ("Claimant") appeals the Commissioner of Social Security's final decision denying his applications for a period of disability and Disability Insurance Benefits ("DIB"). Doc. 15 at 1. Claimant argues that the Administrative Law Judge ("ALJ") erred by: 1) failing to fully and fairly develop the record in this case; and 2) failing to apply the correct legal standard to the medical opinions of Dr. Nazario and Dr. Clements. Doc. 15 at 22. Claimant requests that the matter be remanded for further administrative proceedings. Doc. 15 at 22. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I.    THE ALJ'S DECISION

Claimant applied for DIB on September 16, 2014. Doc. 15 at 1. He alleged a disability onset date of May 1, 2010. Doc. 15 at 1. A hearing was held on July 14, 2017. Doc. 15 at 1. At the hearing, the ALJ advised Claimant of his right to representation. R. 47. Claimant waived his right and testified with the assistance of his brother, Luis A. Rivera. R. 48.

The ALJ issued his final decision denying the claimant's application for disability and DIB on September 19, 2017.  R. 17.  In his decision, the ALJ found that Claimant had the following severe impairments: mental impairments variously diagnosed including depression, anxiety, and borderline intellectual functioning, as well as arthropathies.  R. 26.  The ALJ found that Claimant had the residual functioning capacity to perform light work as defined in 20 C.F.R. § 404.1567(b).[1]  R. 27.  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, and can occasionally crouch.  The claimant should avoid concentrated exposure to extreme cold, humidity and hazards such as operational control of moving machinery and unprotected heights.  The claimant can understand, retain and carry out simple instructions, perform routine tasks on a sustained basis with normal supervision and cooperate with co-workers in completing simple tasks and transactions.  The claimant can adjust to modest mental demands of the workplace.

R. 27.  Based on these findings, and the vocational expert's testimony at the hearing, the ALJ determined that Claimant was capable of performing past relevant work as a Cleaner, Housekeeping, through the date last insured.  R. 32.  Claimant's past relevant work is considered light unskilled work that Claimant could return to, both as generally performed in the national economy and as actually performed by him.  R. 32.  Therefore, the ALJ found that Claimant was not disabled.  R. 17.

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

## II.     STANDARD OF REVIEW

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive when supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The "evidence must do more than create a suspicion of the existence of a fact to be established." *Id.* (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982). It must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Id.* (citing *Richardson v. Perales*, 42 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderated against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 58, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1234 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS

For the reasons that follow, the undersigned finds that Claimant has not established that he was prejudiced by the ALJ's failure to require further testing, nor has he established that the ALJ

failed to apply the correct legal standard to the opinion of Dr. Nazario and Dr. Clements. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's assignment of error.

### A. Failure to Fully and Fairly Develop the Record

Claimant argues that the ALJ failed to fully and fairly develop the record. Doc. 15 at 22. Claimant explained that, on December 1, 2014, he presented to Dr. Nazario and Dr. Clements on one occasion for a limited psychological evaluation with IQ testing, following which the doctors opined that Claimant's ability to handle funds was inadequate due to limited intellect and stated that "[a]dditional assessment is needed to address adaptive behaviors to determine whether or not claimant meets criteria for Mental Retardation." Doc. 15 at 5-9; R. 355-58. Claimant asserts that he was prejudiced by the ALJ's failure to order the additional examination that was recommended by Dr. Nazario and Dr. Clements because, according to Claimant, further testing was necessary to determine whether Claimant met the requirements of Listing 12.05 for intellectual disabilities. Doc. 15 at 11; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 12.05. The Commissioner counters that there was sufficient medical evidence for the ALJ to make an informed decision without requiring additional evidence. Doc. 15 at 15.

As an initial matter, Claimant's challenge concerning the requirements of Listing 12.05 seems to refer to the ALJ's failure to develop the record with regards to the medical opinions of Dr. Nazario and Dr. Clements. Doc. 15 at 11. However, the undersigned notes that the ALJ did not discuss the medical opinions of Dr. Nazario and Dr. Clements in the section of the decision concerning Listing 12.05, but instead, the ALJ focused on the subjective complaints of the Claimant for most of the ALJ's analysis in that section. R. 26. The ALJ did not explicitly consider the medical opinions of Dr. Nazario and Dr. Clements until the analysis regarding Claimant's RFC. R. 30. Claimant seems to conflate the two sections in his argument to the Court. Further, there is

simply no discussion by Claimant about how the ALJ's conclusion that Claimant did not meet the requirements for any listing would have changed had the ALJ considered the medical opinions of Dr. Nazario and Dr. Clements; therefore, the challenge is waived. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned); *see also Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")). That being said, it appears that the crux of Claimant's argument concerns the ALJ's consideration of Dr. Nazario's and Dr. Clements's opinions, which occurred in the section discussing Claimant's RFC. R. 30. In an abundance of caution, the undersigned will assume that the Claimant referred to that analysis when challenging the ALJ's development of the record.

The ALJ has a basic duty[2] to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). This duty generally requires the ALJ to gather the claimant's medical records for at least the 12 months preceding the month in which the application was filed, and to order consultative examinations when such examinations are necessary for an informed decision. *See* 20 C.F.R. § 404.1512(b)(1); 20 C.F.R. § 416.912(b)(1). To establish that the ALJ failed to

---

[2] The ALJ's basic duty turns into a "special duty" when the claimant is not represented by an attorney. *See Graham*, 129 F.3d at 1422-23. The ALJ's "special duty" is removed, and the basic duty is restored, when the claimant waives his or her right to representation. *Id.* Here, Claimant waived his right to representation. R. 48. Therefore, the ALJ in this case only had a basic duty to develop a full and fair record.

develop a full and fair record, it must be shown that there is an evidentiary gap in the record. *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35). The presence of an evidentiary gap alone is not enough; the evidentiary gap must also result in unfairness or clear prejudice. *Id.* The court will remand the case for further development of the record only after an evidentiary gap and unfairness or clear prejudice are established by the claimant. *Id.*

Here, there was substantial evidence in the record to support the ALJ's decision. In his decision, the ALJ considered the opinions of Claimant's treating and consultative examiners.[3] R. 23-31. The ALJ afforded weight to each opinion[4] based on the length and nature of the Claimant's relationship with the physician, the medical opinion's consistency with the rest of Claimant's records, and the extent of the physician's analysis. R. 29-31; *see also* 20 C.F.R. § 404.1520c. Accordingly, the ALJ gave significant weight to the objective medical opinions of Claimant's treating physicians at Lakeside. R. 29; *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (finding that, absent "good cause," more weight should be given to the opinion of treating physicians). The opinions of Dr. Hightower and Dr. Buffone were also afforded significant weight because Claimant visited them more than once and their findings were consistent with the record as a whole. R. 30. The ALJ considered the Global Assessment of Function (GAF) scores throughout Claimant's medical records. R. 29. The GAF scores had limited evidentiary value in light of the "objective details and chronology of the record." R. 29. Limited, one-time

---

[3] Claimant did not argue that the ALJ's conclusions regarding the opinions of the other physicians were improper or inaccurate. Accordingly, Claimant waived the argument that the ALJ erred in considering and weighing that evidence. *See, e.g.*, *Jacobus*, 664 F. App'x at 777 (11th Cir. 2016).

[4] The ALJ must state how much weight is afforded to each medical opinion and why more or less weight is given. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted); *see also* 20 C.F.R. § 404.1520c (factors considered when assigning weight).

examinations, like the one administered by Dr. Nazario and Dr. Clements, which lacked a function-by-function analysis, were given some weight, consistent with the ALJ's findings.[5]  R. 30.  The ALJ also considered the subjective complaints of Claimant and the testimony of Claimant's friend, Paul Arena.  R. 31.  Considering Claimant's medical and non-medical evidence as a whole, the record was sufficient for the ALJ to make his final decision.  Where evidence is sufficient, the ALJ need not require additional consultative examinations.  20 C.F.R. § 404.1250b.

Based on the sufficiency of Claimant's complete medical records, the ALJ's failure to require further consultative testing does not create an evidentiary gap in the record.  Even if there was an evidentiary gap, Claimant failed to establish that the ALJ's failure resulted in unfairness or clear prejudice.  *See, e.g.*, *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35).  While Claimant's mental impairments are mildly constricting, they do not prevent Claimant from understanding, retaining and carrying out simple instructions, performing routine tasks, cooperating with others, and adjusting to the modest mental demands of the workplace.  R. 26, 28.  These abilities are further evidenced by Claimant's own testimony.  R. 256-62.  Where evidence is sufficient to allow the ALJ to make an informed decision, the ALJ need not require more evidence.  20 C.F.R. § 404.1250b.  Here, the objective medical evidence showed consistently mild or moderate limitations, and substantially supported the ALJ's conclusions.  R. 26, 27.  Consequently, the ALJ's failure to require further testing based on the opinion of a non-treating physician, in light of the record as a whole, does not amount to an evidentiary gap, much less one

---

[5] The ALJ detailed why he afforded some weight, rather than significant weight, to the opinion of Dr. Nazario and Dr. Clements.  R. 30.  The ALJ noted that less weight was given to the opinion of Dr. Nazario and Dr. Clements because the evaluation was limited and lacked a function-by-function analysis.  *But see Martin v. Comm'r of Soc. Sec.*, No. 3:12-cv-900-J-MCR, 2013 WL 389326, at *5-7 (M.D. Fla. July 26, 2013) (reversing an ALJ's decision where the ALJ failed to explain why the ALJ rejected a physician's specific findings).

resulting in unfairness or clear prejudice.  *See, e.g.*, *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35).

### B. Failure to Apply the Correct Legal Standard to the Opinion of Dr. Nazario and Dr. Clements

Claimant also asserts that the ALJ failed to apply the correct legal standard to the opinion of Dr. Nazario and Dr. Clements.  Doc. 15 at 11.  The Commissioner argues that the ALJ was not required to place substantial weight on the opinion of Dr. Nazario and Dr. Clements because of their status as non-treating physicians.  Doc. 15 at 12.

Claimant's entire argument rests on a conclusory statement that the ALJ failed to apply the correct legal standard to the medical opinions of Dr. Nazario and Dr. Clements.  R. 10.  Claimant acknowledges that the ALJ afforded some weight to the assessment of Dr. Nazario and Dr. Clements.  R. 9.  Claimant does not, however, explain why more weight should have been given or detail what legal standard that should have been applied.  R. 9-11.  Claimant failed to fully articulate his argument with regards to the proper weight that should have been afforded the opinions of Dr. Nazario and Dr. Clements; therefore, Claimant's argument is waived.  *See Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga.*, Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

Notwithstanding Claimant's waiver, the ALJ detailed how much weight he afforded and why he chose that specific amount for each opinion in Claimant's medical record.  *See Hanna*, 395 F. App'x at 636.  The ALJ evaluated the significance of each opinion based on the length and

nature of the Claimant's relationship with the physician, the medical opinion's consistency with the rest of Claimant's medical records, and the extent of the physician's analysis. R. 29-31; *see also* 20 C.F.R. § 404.1520c(c). Treating physicians are generally afforded more weight than consultative examiners. *See Lewis*, 125 F.3d at 1440; *see also* 20 C.F.R. § 404.1520c(c)(3).

In the instant case, Dr. Nazario and Dr. Clements were non-treating examiners. R. 357. Their provisional conclusion was based on the one and only time that Dr. Nazario and Dr. Clements evaluated Claimant. R. 354-58. As one-time examiners, Dr. Nazario's and Dr. Clements's opinion was not automatically entitled to significant weight. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (finding that, because the doctor examined the claimant on only one occasion, her opinion was not entitled to great weight). Dr. Nazario and Dr. Clements lacked a significant relationship with Claimant and failed to complete a function-by-function analysis in their evaluation. R. 30. Without such analysis, there was no clear opinion regarding Claimant's functional limitations apart from a single note that Claimant cannot handle funds. R. 357. The ALJ concluded that some weight should be afforded Dr. Nazario's and Dr. Clements's opinion so far as the opinion is consistent with the rest of the record. R. 30. Because the record in its entirety was sufficient to allow the ALJ to make an informed decision about Claimant's disability status and because Dr. Nazario's and Dr. Clements's consultative examination was limited, the ALJ acted reasonably in affording less weight to their opinion.

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual findings or legal conclusions the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 28, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy